**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

GEORGE WILLIS,

      Petitioner,

      v.

UNITED STATES OF AMERICA,

      Respondent.

Case No. 1:21cr05

Judge Michael R. Barrett

**<u>OPINION & ORDER</u>**

This matter is before the Court on Petitioner George Willis' Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 66). The United States filed a Response. (Doc. 71). For all the reasons indicated herein, the Court **DENIES** Petitioner's Section 2255 Motion.

## I.    BACKGROUND

On March 29, 2022, Petitioner plead guilty to violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Possession of Marijuana with Intent to Distribute) and 18 U.S.C. § 922(g)(1) (Possession of a Firearm by a Prohibited Person). (Doc. 33). On February 7, 2023, this Court sentenced Petitioner and entered final judgment. (Docs. 44, 46). Petitioner did not file an appeal.

On May 15, 2024, Petitioner filed a 28 U.S.C. § 2255 motion to vacate his sentence. (Doc. 66). Petitioner maintains that the indictment against him was procured in full or in part by an agent who engaged in professional and impeachable misconduct. Petitioner claims violations of his constitutional right to confront witnesses, his right to

due process and a *Brady* violation based on the Government's failure to disclose the exculpatory information regarding the agent.

The United States responds that (1) Petitioner's claims are untimely; (2) Petitioner procedurally defaulted his claims because he did not raise his claims on direct appeal; and alternatively, (3) Petitioner's claims fail on the merits.

## II.     APLLICABLE STANDARDS

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."  *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (citing *Weinberger v. U.S.*, 268 F.3d 346, 351 (6th Cir.), *cert. denied*, 535 U.S. 967 (2001)).

## III.    ANALYSIS

### A.  Statute of limitations

A one-year statute of limitations applies to the filing of a § 2255 motion. 28 U.S.C. § 2255(f).  When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expires. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004).   Therefore, Petitioner's conviction became final on February 21, 2023, which is fourteen days after this Court entered his judgment of conviction and sentence.  *See* Fed. R. App. P. 4(b)(1)(A).  As a result, Petitioner's time for filing a § 2255 motion expired one year later on February 21, 2024.  Petitioner did not file his § 2255 motion until May 15, 2024.

Petitioner maintains that his motion is timely because it was filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2255(f)(4).

Petitioner bears the burden of establishing that he exercised due diligence in discovering the factual predicate for his claim. *See Jefferson v. United States*, 730 F.3d 537, 544 (6th Cir. 2013) (citing *Johnson v. United States*, 457 Fed.Appx. 462, 468 (6th Cir. 2012) (internal citation omitted)). "This standard 'does not require the maximum feasible diligence, only due, or reasonable, diligence.'" *Id*. (quoting *DiCenzi v. Rose*, 452 F.3d 465, 470 (6th Cir. 2006)). "[T]he key question is whether, taking into account 'the reality of the prison system,' [the movant] could have discovered the factual predicate for his claim[ ] using due diligence more than a year before filing" his § 2255 motion. *Id*.

Here, Petitioner merely explains that he learned about the misconduct "from many others" in July of 2023. (Doc. 66, PAGEID 268). Even if the Court were to consider this an adequate explanation, Petitioner's motion still fails for the reasons stated below.

### B. Procedural default

Ordinarily, "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Petitioner did not raise any claims on direct appeal. Under the doctrine of procedural default, claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows either "cause and actual prejudice, or that he is actually innocent." *Vanwinkle v. United*

3

*States*, 645 F.3d 365, 369 (6th Cir. 2011) (citing *Bousley*, 523 U.S. at 622, 118 S.Ct. 1604).

Here, Petitioner does not maintain that he is actually innocent, and the record does not support a finding of prejudice.  Petitioner states that he would have proceeded to trial if he was aware of the misconduct of the agent.  However, the United States Supreme Court has held that the Constitution does not require the government to disclose material impeachment evidence to the defense prior to entering a plea agreement with a criminal defendant. *United States v. Ruiz*, 536 U.S. 622, 633, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002).  The Court explained that impeachment information is not the kind of:

> critical information of which the defendant must always be aware prior to pleading guilty given the random way in which such information may, or may not help a particular defendant.  The degree of help that impeachment information can provide will depend upon the defendant's own independent knowledge of the prosecution's case—a matter that the Constitution does not require prosecutors to disclose.

*Id*. at 630.  It then follows that Petitioner may not challenge the voluntariness of his guilty plea based on any failure by the Government to disclose material impeachment evidence prior to his entering a guilty plea.  *Accord United States v. Martin*, No. 1:06-CR-271, 2009 WL 2167924, at *6 (N.D. Ohio July 21, 2009) ("the possibility that Martin could have impeached one of the government's principal witnesses, such that 'the government may have had a weaker case than he anticipated' is 'immaterial to the validity of [his] guilty plea.") (quoting *United States v. Wells*, 2008 WL 215814 260 Fed.Appx. 902 (6th Cir. Jan. 24, 2008)).  Therefore, Petitioner cannot show prejudice to overcome his procedural default.

4

**IV.      CONCLUSION**

Pursuant to Title 28 U.S.C. § 2255, the Court finds that the motions, files, and records of this case conclusively show that Petitioner is not entitled to relief.  Therefore, a hearing is not necessary to determine the issues and make the findings of fact and conclusions of law with respect thereto.  *Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003).  The claims raised are conclusively contradicted by the record and the well-settled law of the Sixth Circuit and the United States Supreme Court.  Accordingly, Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 66) is **DENIED.**

Further, the Court will not issue a certificate of appealability in this case.  When a district court denies a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further.  *Id*. at 484.  This Court concludes that no jurists of reason could find its procedural ruling to be debatable, and therefore no appeal is warranted.

**IT IS SO ORDERED.**

<u>      /s/ Michael R. Barrett      </u>
Michael R. Barrett, Judge
United States District Court

5